UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

    v.                                                                       CR NO. 05-340   (JMF)

**ERIC JEREL SCOTT,**

    **Defendant.**

**DETENTION MEMORANDUM**

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**FINDINGS OF FACT**

1.     The grand jury has returned a ten count indictment against the defendant, premised on three sales of crack cocaine and his having "crack" and phenyclidine in his possession when he was arrested upon the warrant issued after he was indicted.

2.     The first sale occurred on July 20, 2005, when the defendant sold 30.8 grams of crack to an undercover police offer for $900. There is an audio tape of this transaction and a videotape of the meeting during which the sale took place.

3.     The second sale took place on July 27, 2005, when the defendant sold 62 grams or crack to an undercover police officer for $1,900. On this occasion, the sale took

        place in the undercover officer's car, which was equipped with an audio and video tape recording device.

4.      The third sale took place on August 5, 2005, when the defendant sold the undercover officer sold 61.4 grams of crack for $1,900 and, once again, the transaction took place in the undercover officer's car and was audio and video taped.

5.      When the police arrested the defendant on the warrant that issued when he was indicated, they found crack and phencyclidine in his possession.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In

determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.

2. The weight of the evidence.

3. The history and characteristics of the person, including

   a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

   b. Past conduct, history relating to drug or alcohol abuse;

   c. Criminal history;

   d. Record concerning appearance at court proceedings; and

   e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law.

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Crack cocaine is a narcotic drug and the quantities sold were of a wholesale amount, suggesting that the defendant is in the business of

selling drugs at that level.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.**  The defendant has lived in this community for his entire life.

**The weight of the evidence.**  The government's case seems substantial; there are audio and videotapes of the transactions, which confirm the undercover officer's testimony.

**History relating to drug or alcohol abuse.**  There is no information as to this factor.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the present offense.**  The defendant was convicted of murder in the second degree and has been on parole for ten years.  On one occasion, in 2004, the defendant was found to have violated his parole.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial.  Against the government's strong case and defendant's sale of wholesale crack cocaine on three occasions within a short period of time, the defendant can only offer his residence in the community to outweigh the presumption of their dangerousness created by the Bail Reform Act.  Additionally, there is now probable cause to believe that he committed significant felony drug offenses while on parole on a murder conviction.  That certainly robs me of what little confidence I might have that the defendant will comply with the conditions of his release, including the crucial condition that he commit no new crimes if released.  I, therefore, find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community.  I will, therefore, order the

defendant detained without bond pending trial.

                                                                     _____

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: June 7, 2006