IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.: 05-340 (RMC) |
| v. | : | |
| ERIC JEREL SCOTT, | : | **FILED** |
| Defendant. | : | AUG - 2 2007 |
| | | NANCY MAYER WHITTINGTON, CLERK |
| | | U.S. DISTRICT COURT |

FACTUAL PROFFER
IN SUPPORT OF GUILTY PLEA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this statement of facts which the United States would have prove beyond a reasonable doubt had this matter gone to trial:

On or about July 20, 2005, a Metropolitan Police Department ("MPD") Undercover Officer ("UC") contacted the defendant by telephone to arrange a purchase of cocaine base, commonly known as crack cocaine. Upon contacting the defendant, arrangements were made to purchase approximately 31 grams of crack cocaine for nine hundred dollars in the parking lot of Hechinger's Mall located at 17th and Benning Road, N.E., Washington, D.C. At approximately 6:14 p.m., the UC arrived at the Hechinger Mall parking lot, where he made contact with the defendant, Eric Jerel Scott, who was seated in a black Navigator. The UC pulled along side the defendant's vehicle, exited the UC vehicle and climbed into the passenger seat of the black Navigator. Once inside, the defendant gave the UC a quantity of white rock-like substance in exchange for $900 in pre-recorded MPD funds. The UC then exited the black Navigator and the defendant drove out of the area. The white rock-like substance purchased from the defendant was analyzed by the Drug Enforcement Administration's (DEA) laboratory, and was confirmed to be 30.8 grams of cocaine base, also known as crack cocaine.

On or about July 27, 2005, the same UC again telephoned the defendant and arranged to purchase a quantity of crack cocaine. Upon contacting the defendant, arrangements were made to purchase approximately 62 grams of crack cocaine for nineteen hundred dollars in the parking lot of Hechinger's Mall located at 17th and Benning Road, N.E., Washington, D.C. At approximately 7:00 p.m., the UC drove to the Hechinger Mall parking lot, and not finding the defendant there, called him. The defendant stated that he could not meet the UC yet because a storm had knocked out the power at his home. The defendant stated that he would contact the UC later in the evening to arrange the transaction. At approximately 9:00 p.m., the defendant contacted the UC by telephone and stated that he was ready to conduct the deal and meet the UC at the Hechinger Mall parking lot. Once at the parking lot, the UC again called the defendant who informed the UC that he had moved to a laundry mat across the street from the Hechinger Mall. The UC then drove to that location and observed the defendant walking towards the UC vehicle. The defendant entered the passenger's side of the UC vehicle, wherein the defendant gave the UC a quantity of white rock-like substance in exchange for $1900 in pre-recorded MPD funds. The defendant then exited the UC vehicle and the UC drove out of the area. The white rock-like substance purchased from the defendant was analyzed by the DEA laboratory, and was confirmed to be 61.9 grams of cocaine base, also known as crack cocaine.

On or about August 5, 2005, the same UC again telephoned the defendant and arranged to purchase a quantity of crack cocaine. Upon contacting the defendant, arrangements were made to purchase approximately 62 grams of crack cocaine for nineteen hundred dollars at the Wendy's restaurant located at the intersection of New York Avenue and Florida Avenue, N.E., Washington, D.C. At approximately 5:10 p.m., the UC drove to location, and, not finding the defendant there,

called the defendant. The defendant stated that he would be at the location shortly. The UC then awaited the defendant's arrival. At approximately, 5:44 p.m., the defendant arrived on the scene driving a grey-colored Mercedes SUV bearing Maryland tags. The defendant parked the Mercedes beside the UC vehicle and got into the passenger seat of the UC vehicle. Once inside, the defendant handed the UC a quantity of white rock-like substance in exchange for $1900 in pre-recorded MPD funds. The defendant then exited the UC vehicle, and the UC drove out of the area. The white rock-like substance purchased from the defendant was analyzed by the DEA laboratory, and was confirmed to be 61.4 grams of cocaine base, also known as crack cocaine.

On or about October 13, 2005, the defendant was arrested exiting the same aforementioned grey-colored Mercedes SUV in the 1700 block of Morris Street, S.E., Washington, D.C. The SUV was then searched incident to the defendant's arrest. Found inside the truck was a white rock-like substance and six vials of an amber liquid. Both substances were sent to the DEA for analysis. The former was determined to be 3.6 grams of cocaine base, also known as crack cocaine, and the latter was 54.5 grams of Phencyclidine (PCP).

At trial, the government would have also called a drug expert to testify that the white rock-like substance seized in this case was cocaine base, commonly known as crack cocaine, which can be consumed through smoking.

This factual proffer is a summary of the defendant's actions, and is not intended to be a complete statement of all facts and events related to this offense. The limited purpose of the factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to the Unlawful Distribution of 50 Grams or More Cocaine Base, which is charged in Count 8 of the Superceding Indictment.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney for the District of Columbia

By: _____
G. MICHAEL HARVEY
Assistant United States Attorney
DC BAR # 447465
Federal Major Crimes
555 Fourth Street, N.W.; Rm. 4243
Washington, D.C. 20530
(202) 305-2195

### Defendant's Acceptance of Factual Proffer

I have read this Factual Proffer in Support of Guilty Plea and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Factual Proffer and all matters relating to it. I fully understand this Factual Proffer and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Factual Proffer fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

_8/2/06_____     _____
Date                          ERIC JEREL SCOTT

**Defense Counsel's Acknowledgment**

I am Eric Jerel Scott's attorney. I have reviewed every part of this Factual Proffer in Support of Guilty Plea with him. It accurately and completely sets forth the Factual Proffer agreed to by the defendant and the Office of the United States Attorney for the District of Columbia.

_8/02/06_
Date

_[signature] on behalf of_
DOUG WOOD, ESQ. _[Douglas Wood]_